Gilbert DiLUCIA, Plaintiff,

v.

TREASURE SALVORS, INC., and Mel
Fisher, Defendants.

No. 88–10072–CIV.

United States District Court,
S.D. Florida.

June 8, 1989.

William Berger, Fort Lauderdale, Fla.,
for plaintiff.

Edward W. Horan, Key West, Fla., for
defendants.

ORDER CLARIFYING COURT'S ORDER
DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANTS' MO-
TION FOR PARTIAL SUMMARY
JUDGMENT

JAMES LAWRENCE KING, Chief
Judge.

Before the court is the defendants' mo-
tion for clarification of court's order deny-
ing defendants' motion for summary judg-
ment, or in the alternative, defendants' mo-
tion for reconsideration of order denying
defendants' motion for summary judgment.
In its previous order, the court denied the
defendants' motion for summary judgment,
but did not address the defendants' motion
for partial summary judgment on the issue
of contract liability. By that motion, the
defendants requested that the court limit
their liability under the contract to recover-
ies made from the Atocha prior to the
expiration date of December 20, 1976, set
forth in the contract of February 18, 1976.
After careful review of the record and the
motion, the court grants defendants' mo-
tion for partial summary judgment.

The court has carefully read the Febru-
ary 18, 1976 contract filed with the plain-
tiff's complaint and finds that there exists
no ambiguities in either the liability provi-
sions or the contract expiration provisions.
Read together, paragraphs 1, 2, 3, 6, 7, and
8, of the contract clearly and unambiguous-
ly express the parties intent to be bound
under the agreement until December 20,
1976. This is the date set forth in para-
graph 2 for the defendants to cease sal-
vage operations at the Atocha site, and set
forth in paragraph 8 as the expiration date
for the agreement. As indicated by para-
graphs 2, 7 and 8, if the defendants decided
to extend salvage operations beyond De-
cember 20, 1976, and if plaintiffs were will-
ing to extend their obligation under the
contract by investing an additional $10,-
000.00, the contract would be extended by
mutual agreement of the parties. Para-
graph 3 gives the plaintiff a four-fifths of
one percent interest in treasure recovered
prior to the agreement and an additional
four-fifths of one percent interest in "all
treasure recovered from the Atocha site."
This last provision must be read to limit the
plaintiff's additional interest to a percent-
age of all treasure recovered from the Ato-
cha site during the contract period, that is,
up until the contract expiration date of
December 20, 1976. Any other reading of
the contract would render paragraph 8
meaningless and void. Therefore, the

court holds that the liability of the defendants under the contract is limited to treasure recovered from the Atocha site prior to the expiration date of the contract, December 20, 1976. Accordingly, the court

ORDERS and ADJUDGES that the defendants' motion for clarification of court's order denying defendants' motion for summary judgment and defendants' motion for reconsideration of order denying defendants' motion for summary judgment be, and the same are hereby GRANTED. The court

FURTHER ORDERS and ADJUDGES that the defendants' motion for partial summary judgment on the issue of contract liability be, and the same is hereby GRANTED.

DONE and ORDERED.