**Merlin STICKELBER, Plaintiff,**

v.

**Melvin A. FISHER, et al., Defendants.**

**No. 97–10014–CIV.**

United States District Court,
S.D. Florida,
Key West Division.

June 22, 1998.

Frederick G. Helmsing, Helmsing Sims & Leach, Mobile, AL, for Plaintiff.

William Vandercreek, C/o Michael R. Barnes, Key West, FL, for Defendants.

### ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Ore Tenus Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE # 27).

UPON CONSIDERATION of the Motion, responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### BACKGROUND

In 1982, Plaintiff Merlin Stickelber ("Stickelber") and Defendant Treasure Salvors, Inc. ("Salvors") entered into an agreement (the "Atocha Contract") whereby Stickelber invested $100,000 in return for 1/2% of all treasures recovered by Salvors from the shipwreck "Atocha." Stickelber brings this action alleging that Salvor, including its principals and successors, ("Defendants") have failed to distribute to Stickelber his rightful portion of the Atocha treasure. Defendants move the Court to dismiss this action, arguing the complaint arises from a contractual dispute involving an "investment contract" and thus is not subject to the Court's admiralty jurisdiction. Stickelber argues the contract is based on salvage operations and thus falls within the Court's admiralty jurisdiction.

### DISCUSSION

To fall within federal admiralty jurisdiction, a contract must be wholly maritime in nature, or its nonmaritime elements must be either insignificant or separable without prejudice to either party. *Inbesa America, Inc. v. M/V Anglia,* 134 F.3d 1035 (11th Cir.1998). Moreover, it is the nature of the disputed contract that is the crucial inquiry in determining whether the contract is in admiralty. *Ambassador Factors v. R.M.S.,* 105 F.3d 1397 (11th Cir.1997) (citing *Exxon Corp. v. Central Gulf Lines, Inc.,* 500 U.S. 603, 111 S.Ct. 2071, 114 L.Ed.2d 649 (1991)). The mere fact that a contract has some reference to a maritime matter is insufficient to bring it within admiralty jurisdiction. *Nehring v. Steamship M/V Point Vail,* 901 F.2d 1044 (11th Cir.1990) (citing *E.S. Binnings, Inc. v. M/V Saudi Riyadh,* 815 F.2d 660 (11th Cir.1987)). Finally, "deciding whether contracts come within federal maritime jurisdiction ... is not subject to exactitude and ... less common situations must be considered on a case-by-case basis." *Nehring,* 901 F.2d at 1048.

It is without question, and undisputed by the parties, that salvage operations come within the Court's admiralty jurisdiction. *See Treasure Salvors, Inc. v. Unidentified Wrecked and Abandoned Sailing Vessel,* 640 F.2d 560 (5th Cir.1981) (citing *Mason v. Blaireau,* 6 U.S. (2 Cranch) 240, 2 L.Ed. 266 (1804)). Thus, the actual salvage of the treasure is within this Court's jurisdiction. What is not so clear, however, is whether a contract to invest in treasures recovered from such salvage operations falls under the

Court's admiralty jurisdiction. The parties do not cite, nor has this Court found, any cases similar to the instant case.[1]

In *Nehring*, the Court, acknowledging it was "extend[ing] admiralty jurisdiction beyond its traditional parameters," found a company's obligation to make trust fund contributions for ship employees fell under the Courts' admiralty jurisdiction. *Id.* at 1048. The Court reasoned that "where a party has contractually undertaken some activity which, standing alone, would not be an admiralty matter, but has undertaken that activity in conjunction with an indisputable maritime contract, the Courts have included the ordinarily non-maritime activity in admiralty jurisdiction." *Id.* (quoting Bridwell, Admiralty Contract Jurisdiction and Contract Liens Under American Law 6, *reprinted in* 1988 Southeastern Admiralty Law Institute Program Materials). Thus, the Court held that standing alone, the company's obligation to make trust fund contributions was not an admiralty matter. Taken in conjunction with the employment of crewmembers, however, the obligation became subject to admiralty jurisdiction. *Id.*

While the facts of *Nehring* are distinguishable, the Court finds the reasoning persuasive. Taken alone, breach of an investment contract would not fall under admiralty jurisdiction. Here, however, the alleged breach occurs in conjunction with a contract that is indisputably maritime. Salvage operations fall within the purview of this Court's admiralty jurisdiction and Stickelber's investment is based solely on such operations. Thus, Stickelber's claims, and the nature of the contract, necessarily arise out of the salvage operations. In this situation, the Court finds the salvage operations and investment component so intertwined as to be inseparable.

Based on the foregoing, the Court finds the Atocha Contract falls within the Court's admiralty jurisdiction. Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied.

1. A case involving a contract similar to the Atocha Contract was filed in this district but because the action was based on diversity jurisdiction, the Court never raised or decided the admiralty issue. *See DiLucia v. Treasure Salvors, Inc.*, 713 F.Supp. 1425 (S.D.Fla.1989).

**CONCLUSION**

ORDERED AND ADJUDGED that the Motion be, and the same is hereby, DENIED. It is further ORDERED AND ADJUDGED that this Court's Order dated June 2, 1998 staying discovery in this matter is hereby VACATED.